# EXHIBIT B

Summons and Complaint

{03614133 / 1}



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 28586630**
**Date Processed: 02/22/2024**

| | |
|---|---|
| **Primary Contact:** | Lizz Creason<br>Zynex Medical, Inc.<br>9655 Maroon Cir<br>Englewood, CO 80112-5914 |
| **Electronic copy provided to:** | Dan Moorhead<br>Derek Caldwell<br>Stacy Martinez<br>Anna Lucsok |
| **Entity:** | Zynex Medical, Inc.<br>Entity ID Number  2947283 |
| **Entity Served:** | Zynex Medical, Inc. |
| **Title of Action:** | Daniel Terrani vs. Zynex Medical, Inc. |
| **Matter Name/ID:** | Daniel Terrani vs. Zynex Medical, Inc. (15321883) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Clark County District Court, NV |
| **Case/Reference No:** | A-24-887228-C |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 02/21/2024 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Pacific West Injury Law<br>702-602-4878 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

```
SUMM
KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
BOHDEN G. COLE, ESQ.
Nevada Bar No. 15719
CHRISTOPHER L. CABANILLA, ESQ.
Nevada Bar No. 16053
PACIFIC WEST INJURY LAW
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
Phone: (702) 602-4878
Fax: (702) 665-5627
Kris@PacificWestInjury.com
Kirill@PacificWestInjury.com
Bohden@PacificWestInjury.com
Christopher@PacificWestInjury.com
Attorneys for Plaintiff
```

CASE NO: A-24-887228-C
Department 16

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DANIEL TERRANI, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> ZYNEX MEDICAL, INC. a Foreign Corporation; and DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive. <br><br> Defendants | CASE NO.: <br> DEPT NO.: <br><br> **SUMMONS** |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOU BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

(ZYNEX MEDICAL, INC.)

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

Page 1 of 2

1    (b)    Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

*/s/ Kirill V. Mikhaylov*
_____
KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
BOHDEN G. COLE, ESQ.
Nevada Bar No. 15719
CHRISTOPHER L. CABANILLA, ESQ.
Nevada Bar No. 16053
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
CLERK OF COURT

By:_____  2/16/2024
DEPUTY CLERK                       Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Nicole Willis

Electronically Filed
2/15/2024 10:24 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
BOHDEN G. COLE, ESQ.
Nevada Bar No. 15719
CHRISTOPHER L. CABANILLA, ESQ.
Nevada Bar No. 16053
**PACIFIC WEST INJURY LAW**
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
Phone: (702) 602-4878
Fax: (702) 665-5627
Kris@PacificWestInjury.com
Kirill@PacificWestInjury.com
Bohden@PacificWestInjury.com
Christopher@PacificWestInjury.com
*Attorneys for Plaintiff*

CASE NO: A-24-887228-C
Department 16

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| DANIEL TERRANI, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> ZYNEX MEDICAL, INC. a Foreign Corporation; and DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive. <br><br> Defendants | CASE NO.: <br> DEPT NO.: <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, DANIEL TERRANI, by and through his attorneys of record, PACIFIC WEST INJURY LAW, and for his causes of action against Defendants, and each of them, complains and alleges as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff, DANIEL TERRANI (hereinafter "Plaintiff"), was and is at all times relevant herein, a resident of Clark County, Nevada.

2. Defendant ZYNEX MEDICAL, INC. (hereinafter "Defendant Zynex Medical"), was and is at all times a Foreign Corporation doing business in the state of Nevada.

3. The true names and capacities of Defendants Does I through X are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is

informed and believes and therefore alleges that each of Defendants Does I through X are responsible in some manner for the events and happening referred to herein and actually, proximately, and/or legally caused injuries and damages to Plaintiff as alleged herein. Plaintiff will seek leave of Court to amend this Complaint, to insert the true names and capacities of Does I through X, when they become known and to join such Defendants in this action.

4. The identities of Defendants Roe Business Entities XI through XX, are unknown to Plaintiff at this time, who may be corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessors-in-interest or successors-in-interest entities, joint venturers, parent corporations or other related business entities of Defendants, and/or serving as alter ego of, any and/or all Defendants, who were acting on behalf of or in concert with, or at the direction of Defendants, and/or are entities responsible for the supervision of the individually named Defendants, and/or are entities employed by and/or otherwise directing the individual Defendants in the scope and course of their responsibilities, and may be responsible for the injurious activities of the other Defendants. Plaintiff alleges that each named Doe and Roe Business Entity Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein. Each named Doe and Roe Business Entity Defendant is legally responsible for the events and happening alleged in this Complaint, and therefore, actually, proximately, and/or legally caused injuries and damages to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint, to insert the true names and capacities of the Roe Business Entities XI through XX, when they become known and to join such Defendants in this action.

5. At all times relevant herein, Defendants, and each of them, were agents, servants, partners, and employees of each and every other Defendant and/or Doe and Roe Entities Defendants and were acting within the course and scope of their agency, partnership, or employment.

6. The subject incident occurred in Clark County, Nevada.

7. Venue is proper in Clark County, Nevada pursuant to NRS 13.040.

8. This Court has jurisdiction over this matter pursuant to Nev. Const. art. VI, § 6, as this Court has original jurisdiction in all cases not assigned to the justice courts.

9. This Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds $15,000.00, exclusive of attorney's fees, interest, and costs.

## FACTS COMMON TO ALL CLAIMS

10. On or about March 17, 2022, Plaintiff was a medical student at Dr. Ansarimia's office.

11. On or about March 17, 2022, a representative of Defendant Zynex Medical, Doe Defendant, presented to Doctor Ansarimia's office to do a demonstration of a Transcutaneous Electrical Nerve Stimulation ("TENS") unit.

12. The presentation was performed on Plaintiff by Defendant Zynex Medical representative, Doe Defendant.

13. During the presentation, the representative of Zynex Medical, Doe Defendant, improperly placed adhesive parts of the TENS unit on Plaintiff's body and/or allowed the adhesive parts to touch Plaintiff's chest and/or Plaintiff's body close to his heart.

14. The improper placement of the TENS unit on Plaintiff's body and/or allowing the unit to touch Plaintiff's chest and/or Plaintiff's body close to his heart caused Plaintiff to sustain and suffer atrial fibrillation and other injuries.

## FIRST CAUSE OF ACTION

### (Negligence)

15. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

16. Defendants owed Plaintiff a duty of care to properly place the TENS unit on Plaintiff, prevent the unit from touching various parts of Plaintiff's body, and perform the presentation of the TENS unit in a way that would not injure Plaintiff.

17. Defendants also owed Plaintiff a duty to warn him of the dangers associated with the presentation of the TENS unit.

18. Defendants breached their duty of care by improperly placing the TENS unit on Plaintiff's body and/or allowing the TENS unit to come in contact with Plaintiff's chest in a way that caused him to sustain injuries.

19. Defendants also breached their duty of care by failing to warn Plaintiff regarding the

dangers associated with the presentation of the TENS unit.

20. Defendants' negligence directly and proximately caused Plaintiff serious injury.

21. As a direct and proximate cause of Defendants' negligence, Plaintiff incurred, and continues to incur, medical bills in an amount in excess of fifteen thousand dollars ($15,000.00).

22. As a further direct and proximate cause of Defendants' negligence, Plaintiff endured, and continues to endure, pain, suffering, disfigurement, and mental anguish in an amount in excess of fifteen thousand dollars ($15,000.00).

23. As a further direct and proximate cause of Defendants' negligence, Plaintiff has had to retain the services of an attorney to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## SECOND CAUSE OF ACTION

### (Negligent Hiring, Training, Retention, and Supervision)

24. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

25. Defendants owed a duty to Plaintiff as employers to adequately investigate employees prior to hiring, to properly train employees, and to adequately supervise their employees in the performance of their jobs.

26. Defendants breached that duty of care by failing to adequately investigate the background of Defendant Doe Defendant, and by failing to properly train them, and/or by failing to adequately supervise them in the performance of their job.

27. Defendants' failure to hire only qualified employees, properly train and/or supervise those employees directly and proximately caused Plaintiff's injuries as alleged in this Complaint.

28. As a direct and proximate result of the acts or omissions of Defendants, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

29. As a direct and proximate cause of Defendants' negligence, Plaintiff incurred, and continues to incur, medical bills in an amount in excess of fifteen thousand dollars ($15,000.00).

30. As a further direct and proximate cause of Defendants' negligence, Plaintiff endured, and continues to endure, pain, suffering, disfigurement, and mental anguish in an amount in excess of fifteen thousand dollars ($15,000.00).

31. As a direct and proximate result of the actions or omissions of Defendants, Plaintiff has had to retain the services of an attorney to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

### THIRD CAUSE OF ACTION
### (Vicarious Liability)

32. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

33. On or about March 17, 2022, Defendant Zynex Medical Representative, was an employee, servant, agent, and/or associate of Defendant Zynex Medical.

34. Defendant Zynex Medical Representative, Doe Defendant, was acting within the course and scope of their employment with their Co-Defendants and Defendant Zynex Medical.

35. Because Defendant Zynex Medical Representative, Doe Defendant, was acting within the course and scope of their employment with his Co-Defendants and Defendant Zynex Medical, Defendants are vicariously liable for the negligent actions of Defendant Zynex Medical Representative, Doe Defendant.

### FIFTH CAUSE OF ACTION
### (Product Liability)

36. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

37. Defendant Zynex Medical designed, manufactured, assembled, sold, placed into the stream of commerce, and/or distributed the TENS Unit used by Defendant Zynex Medical Representative, Doe Defendant during the presentation performed on Plaintiff on March 17, 2022.

38. By reason of a defect in its design, manufacture, assembly, and/or construct, the TENS Unit, used on Plaintiff on March 17, 2022, was defective, unfit, and/or unreasonably dangerous for its intended use at the time it left the control of Defendant(s).

39. Defendant(s) knew or should have known the defective condition of the TENS Unit could cause injury to users receiving treatment from the TENS Unit and/or Defendant(s) should have known the TENS Unit was not fit for the purpose in which it was ordinarily used.

40. As a result of the defective condition of the TENS Unit, Plaintiff suffered atrial fibrillation and other injuries.

41. As a further result of the defective condition of the TENS Unit, Plaintiff incurred and may continue to incur medical bills and special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

42. As a further result of the defective condition of the TENS Unit, Plaintiff endured, and continues to endure, pain, suffering, disfigurement, and mental anguish in an amount in excess of fifteen thousand dollars ($15,000.00).

43. As a further result of the defective condition of the TENS Unit, Plaintiff has had to retain the services of an attorney to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## SIXTH CAUSE OF ACTION

### (Failure to Warn)

44. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

45. Defendant Zynex Medical designed, manufactured, assembled, sold, placed into the stream of commerce, and/or distributed the TENS Unit used by Defendant Zynex Medical Representative, Doe Defendant, during the presentation performed on Plaintiff on March 17, 2022.

46. Although Defendants knew or should have known that improper placement of the TENS Unit could cause atrial fibrillation, Defendants failed to provide warning for this danger.

47. As a result of Defendants' failure to warn, Plaintiff suffered a atrial fibrillation and other injuries.

48. As a further result of Defendants' failure to warn, Plaintiff, incurred and may continue to incur medical bills and special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

49. As a further result of Defendants' failure to warn, Plaintiff endured, and continues to endure, pain, suffering, disfigurement, and mental anguish in an amount in excess of fifteen thousand dollars ($15,000.00).

50. As a further result of Defendants' failure to warn, Plaintiff has had to retain the services of an attorney to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. General damages in an amount in excess of $15,000.00;
2. Special damages to be determined at the time of trial;
3. Medical and incidental expenses already incurred and to be incurred;
4. Lost wages in an amount to be determined at the time of trial;
5. Property damage repairs, supplemental, and out of pocket expenses;
6. Reasonable attorney's fees and costs of suit;
7. Interest at the statutory rate; and
8. For such other relief as this Court deems just and proper.

DATED this 15th day of February, 2024.

PACIFIC WEST INJURY LAW

*/s/ Kirill V. Mikhaylov*
KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
BOHDEN G. COLE, ESQ.
Nevada Bar No. 15719
CHRISTOPHER L. CABANILLA, ESQ.
Nevada Bar No. 16053
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
*Attorneys for Plaintiff*