MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
DAVID P. PRITCHETT, ESQ.
Nevada Bar No. 10959
**FREEMAN MATHIS & GARY, LLP**
770 E. Warm Springs Rd., Ste. 360
Las Vegas, Nevada 89119
Tel.: (725) 258-7360
Fax: (833) 336-2131
Michael.Edwards@fmglaw.com
David.Pritchett@fmglaw.com
*Attorneys for Defendant,*
*Zynex Medical, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL TERRANI, individually, <br><br> Plaintiff, <br><br> vs. <br><br> ZYNEX MEDICAL, INC. a Foreign Corporation; and DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive, <br><br> Defendants. | Case No.:   2:24-CV-00567-RFB-NJK <br><br> **RENEWED STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** <br><br> (FIRST REQUEST) |

Pursuant to Local Rules IA 6-1 and 26-3, IT IS HEREBY STIPULATED AND AGREED by and among Defendant, ZYNEX MEDICAL, INC ("Defendant"), by and through its counsel of record, and Plaintiff, DANIEL TERRANI, by and through his counsel of record, hereby stipulate that the current discovery deadlines be extended in the above referenced matter. This is the first stipulation to extend discovery deadlines.

…

…

…

Page **1** of **6**

## I. BACKGROUND

This dispute arises from an incident that occurred on March 17, 2022 involving plaintiff, DANIEL TERRANI. Plaintiff alleges he was injured and sustained damages as a result of Defendant's negligence or willful acts of the employees/agents of ZYNEX MEDICAL, INC.

## II. DISCOVERY COMPLETED TO DATE

On Tuesday, April 30, 2024, the parties participated in the mandatory discovery conference, pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(e).

On Tuesday, May 14, 2024, the Discovery Plan and Scheduling Order was entered and filed.

On Tuesday, May 21, 2024, Defendant served its initial disclosure of documents and witnesses, pursuant to FRCP 26(a)(1).

On Friday, June 7, 2024, Plaintiff served his initial disclosure of documents and witnesses, pursuant to FRCP 26(a)(1).

On Tuesday, July 30, 2024, Defendant sent HIPAA authorizations to Plaintiff, requesting that they be executed by Plaintiff, allowing Defendant to obtain Plaintiff's medical records.

On Monday, August 12, 2024, Defendant contacted Plaintiff to follow up on the status of the requested HIPAA authorizations, because no such authorizations had been provided.

On Tuesday, August 13, 2024, Plaintiff provided Defendant with executed HIPAA authorizations; however, the documents provided were illegible and not usable for the purpose of obtaining Plaintiff's medical records. Defendant contacted Plaintiff within the same week, identifying the issue regarding the authorizations provided, and Defendant requested new, legible copies of Plaintiff's HIPAA authorizations.

On Wednesday, August 21, 2024, Defendant followed up with Plaintiff regarding the outstanding HIPAA authorizations, requesting the status of the updated, legible authorizations.

On Thursday, August 22, 2024, Plaintiff provided new HIPAA authorizations; however, the second set of executed authorizations were also illegible and not usable for the purpose of obtaining Plaintiff's medical records. Defendant contacted Plaintiff the same day, notifying Plaintiff that the problem with the HIPAA authorizations was not resolved, and again requesting legible authorizations.

On Tuesday, August 27, 2024, Plaintiff provided Defendant with the third set of executed HIPAA authorizations to obtain his medical records, which are legible and usable. Defendant has diligently attempted to obtain Plaintiff's records; however, to date, Defendant has only received Plaintiff's medical records from one of three identified healthcare providers.

On August 30, 2024, Defendant served written discovery requests on the Plaintiff; Plaintiff's responses are pending at the time of this stipulation.

### III. DISCOVERY THAT REMAINS TO BE COMPLETED

The parties will supplement their FRCP 16.1 disclosures as necessary and appropriate, as additional information and documentation are made available in the course of discovery.

Defendant intends to take the deposition of Plaintiff, DANIEL TERRANI. Defendant has recently requested Plaintiff's records from his respective medical treatment providers. Defendant would like to have all records prior to taking Plaintiff's deposition.

The parties also intend to take depositions of fact witnesses, witnesses that have percipient knowledge of the facts and circumstances surrounding the incident that is the subject of this litigation, Plaintiff's medical treatment providers, and each party's respective expert witnesses.

The parties each expect to serve the respective opposing party with additional written discovery requests.

### IV. REASONS FOR NOT COMPLETING DISCOVERY

As this Court noted in connection with the Parties' initial stipulation and order to extend discovery (first request), there was a gap in time between the Rule 26(f) conference and Defendant's request for HIPAA authorizations, though Defendant's counsel experienced staffing issues that were not yet evident. Moreover, although the authorizations had not been sent, Defendant was diligently attempting to communicate with the owner of the business where the subject incident occurred in an attempt to identify several individuals that are believed to have been witnesses to the incident; however, that posed significant problems as the business is now permanently closed. Specifically, Defendant took significant efforts to speak with Dr. Mehdi Ansarinia, M.D., who owned and operated "Headache Specialists," (formerly) located at 835 S. Jones, Las Vegas, Nevada 89146. While more certainly could

1  have been accomplished during the period following the Rule 26(f) conference, the support issues did
2  not come to light until early July when the staff member left without notice. Here, the fault lies with
3  defense counsel, not Defendant.

4      It should further be noted that, in addition to the issues discussed above, Plaintiff's counsel was
5  in a three-week jury trial that commenced on July 15, 2024, in the Eighth Judicial District Court, case
6  number A-21-845197-C, which impacted Plaintiff's ability to respond to Defendant's requests
7  surrounding that period.

8      In light of the events leading to this request for an extension of time to complete discovery, and
9  as previously conveyed, the parties respectfully request this extension to allow Defendant to complete
10 obtaining Plaintiff's medical records with sufficient time prior to taking Plaintiff's deposition as well
11 as the initial expert disclosure deadline. Through the discovery process, the Parties will need to obtain
12 documents or records pertaining to the plaintiff's medical history, records pertaining to any relevant
13 medical treatment, and investigation pertaining to known witnesses, Furthermore, the Parties will then
14 require time to provide the records (including medical records, written discovery, and deposition
15 testimony from various witnesses) to experts pertaining to the issues presented by the plaintiff and as
16 discovered in the records obtained. The Parties will require the additional time for discovery, in order
17 to obtain pertinent records, locate several witnesses and obtain deposition testimony, retain experts as
18 deemed necessary by the respective Parties, and conduct sufficient investigation (likely requiring
19 numerous depositions of percipient witnesses, expert witnesses, and any percipient witnesses).

20     Given the necessary discovery remaining to be completed, the parties respectfully request that
21 the Court order an extension of the existing deadlines by approximately sixty days.

22 …
23 …
24 …
25 …
26 …
27 …

### V. PROPOSED MODIFICATION

Based on the foregoing, the parties jointly seek a modification of the current deadlines as follows:

1. <u>Current Deadlines:</u>

   | | |
   |---|---|
   | Initial expert disclosures | October 18, 2024 |
   | Rebuttal expert disclosures | November 15, 2024 |
   | Fact discovery cut-off date | December 17, 2024 |
   | Dispositive motions | January 16, 2025 |
   | Proposed joint pretrial order | February 14, 2025 |

2. <u>Proposed Deadlines:</u>

   | | |
   |---|---|
   | Initial expert disclosures | December 16, 2024 |
   | Rebuttal expert disclosures | January 15, 2025 |
   | Fact discovery cut-off date | February 14, 2025 |
   | Dispositive motions | March 17, 2025 |
   | Joint pretrial order | April 16, 2025 |

**IT IS SO STIPULATED.**

DATED this 2nd day of October 2024          DATED this 2nd day of October 2024

**FREEMAN MATHIS & GARY, LLP**              **PACIFIC WEST INJURY LAW**

 /s/ David P. Pritchett                     /s/ Kirill Mikhaylov
Michael M. Edwards, Esq.                   Kristopher M. Helmick, Esq.
Nevada Bar No. 6281                        Nevada Bar No. 13348
David P. Pritchett, Esq.                   Kirill Mikhaylov, Esq.
Nevada Bar No. 10959                       NV Bar No. 13538
770 E. Warm Springs Rd., Ste. 360          8180 Rafael Rivera Way, Ste. 200
Las Vegas, Nevada 89119                    Las Vegas, Nevada 89113
*Attorneys for Defendant,*                 *Attorneys for Plaintiff,*
*Zynex Medical, Inc.*                      *Daniel Terrani*
                                           *(e-signature expressly authorized on October 1, 2024)*

## **ORDER**

Upon Stipulation by counsel for the parties and good cause appearing therefore, IT IS HEREBY ORDERED that the discovery deadline schedule shall be amended as follows:

| | |
|---|---|
| Initial expert disclosures | December 16, 2024 |
| Rebuttal expert disclosures | January 15, 2025 |
| Fact discovery cut-off date | February 14, 2025 |
| Dispositive motions | March 17, 2025 |
| Joint pretrial order | April 16, 2025 |

Although good cause has not been shown, the Court will allow this extension because the request is made jointly and as a <u>one-time</u> courtesy to counsel and the parties. Counsel must take all reasonable steps to meet the deadlines set herein, as the Court is not inclined to allow additional extensions.

IT IS SO ORDERED.

Dated: October 3, 2024

_____
United States Magistrate Judge