# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL TERRANI, | Case No. 2:24-cv-00567-RFB-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 21] |
| ZYNEX MEDICAL, INC., | |
| Defendant(s). | |

Pending before the Court is a motion to extend case management deadlines by 30 days. Docket No. 21.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)).

The positions of both sides are lacking here. Plaintiff argues that he provided courtesy discovery extensions to the defense, which impeded him from timely taking Defendant's Rule 30(b)(6) deposition, and that defense counsel promised to agree to an extension for that deposition. While cooperation between counsel is required, Plaintiff was previously warned that he needed to get discovery wrapped up and that the Court was not inclined to allow further extension of the case

management deadlines. Docket No. 19 at 6.[1]  At bottom, a party must promptly enforce his discovery rights, so blaming the other side for one's own failure to meet deadlines is not a strong position. *See, e.g.*, *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S. D. Miss. 2001).

On the other side of the ledger, Defendant does not dispute (in any direct way, at least) that its counsel sought various extensions for its own discovery obligations and provided an express representation that Defendant was "not going to use the deadline against [Plaintiff] and not allow [Plaintiff] the 30(b)(6) deposition." Docket No. 21 at 10.  When it came time to seek an extension, however, Defendant refused to consent to that relief.[2]  The Court will not countenance this type of behavior.  *See, e.g.*, *ProDox, LLC v. Prof. Doc. Servs., Inc.*, 341 F.R.D. 679, 685-86 (D. Nev. 2022).

In short, neither side has a compelling position to advance.[3]  Given the circumstances, the Court will order that the Rule 30(b)(6) deposition may proceed and must take place by March 17, 2025.  Discovery is otherwise closed and <u>no further extensions will be allowed.</u>  The Court also extends the dispositive motion deadline to April 16, 2025, and extends the joint proposed pretrial order to May 16, 2025.[4]  The motion to extend is **GRANTED** as stated above.

IT IS SO ORDERED.

Dated: February 26, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Plaintiff's position fails to appreciate that it is the Court who enforces or modifies its scheduling orders, not the parties.  *See, e.g.*, Fed. R. Civ. P. 29(b).  Relying on an agreement between counsel to extend case management deadlines is a risky strategy.  Indeed, Plaintiff's counsel appears to acknowledge as much during some of the conferral process.  *See, e.g.*, Docket No. 27 at 7 ("We are in Federal Court and extensions do not come easy").

[2] Defendant raises various reasons why that decision was made, but the basic premise remains unchanged regarding Defendant's representations.

[3] Any other arguments raised that are not addressed herein have been reviewed and rejected to the extent they are inconsistent with the relief being ordered.  *See, e.g.*, *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099 (D. Nev. 2022).

[4] If dispositive motions are filed, the joint proposed pretrial order will be due instead 30 days after resolution of the dispositive motions.